ALFRED B. CRABTREE et als., In Equity *vs.* WILLIAM M. AYER, et als.

Hancock.    Opinion November 17, 1922.

*An act of the Legislature creating a district and authorizing the construction of a*
*bridge, where no constitutional provision is violated, is valid.    The expediency,*
*wisdom, or popularity of the purpose of such an act are not matters for the*
*court.    The constitutionality of such an act as to future maintenance*
*of such a bridge not determined as it is not before the court.    A poll*
*tax is not a property tax, and is assessed upon every male*
*inhabitant regardless of the purposes of taxation, or*
*the amount thus raised.*

In the instant case it is held that with the expediency, wisdom, or popularity of
the proposed public work the court is not concerned.

That the act of the Legislature, creating the district and authorizing the con-
struction of the bridge, violated no constitutional provision.

That the proceedings of the board were in accordance with the act.

That the constitutionalty of the act as to the future maintenance of the bridge is
not now before the court.

That a poll tax is not a property tax and would be assessed upon every male
inhabitant within the district whether the bridge were built or not.

On appeal.    This is a bill in equity brought by fifteen taxable
inhabitants of the towns composing the so-called Hancock-Sullivan
Bridge District and other towns in the County of Hancock, against
the members of the State Highway Commission individually and as
members thereof, and the County Commissioners of the County of
Hancock, individually and as County Commissioners, and the trustees
of the so-called Hancock-Sullivan Bridge District, praying for an
injunction both temporary and permanent, enjoining said defendants
from directly or indirectly attempting to do any acts toward the
construction or contracting for construction of any bridge between
the towns of Hancock and Sullivan, in said county, and from borrow-
ing money and issuing negotiable notes and bonds of said District,
or otherwise directly or indirectly pledging or attempting to pledge
the credit of the people or territory within the limits of the towns of
Hancock, Sullivan, Sorrento, Gouldsboro and Winter Harbor, and

from obtaining any loan or loans of money or in any manner pledging the credit of the County of Hancock to pay said county's proportion of the cost or estimated cost of said bridge. A hearing was had upon the bill, answer and proof, and the temporary injunction was denied and an appeal taken to the Law Court. Appeal dismissed. Decree below affirmed with additional costs.

The case is stated in the opinion.

*Fellows & Fellows,* for plaintiffs.

*Ransford W. Shaw, Attorney General and Wm H. Fisher, Deputy Attorney General,* for State Highway Commission.

*Wm. E. Whiting, County Attorney,* for County Commissioners of Hancock County.

*W. B. Blaisdell and Hale & Hamlin,* for all other defendants.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, JJ.

SPEAR, J. This is a bill in equity brought by fifteen taxable inhabitants of the towns composing the so-called Hancock-Sullivan Bridge District and other towns in the County of Hancock, against the members of the State Highway Commission individually and as members thereof, and the County Commissioners of the County of Hancock, individually and as County Commissioners, and the Trustees of the so-called Hancock-Sullivan Bridge District, praying for an injunction both temporary and permanent, enjoining said defendants from directly or indirectly attempting to do any acts toward the construction or contracting for construction of any bridge between the towns of Hancock and Sullivan, in said county, and from borrowing money and issuing negotiable notes and bonds of said District, or otherwise directly or indirectly pledging or attempting to pledge the credit of the people or territory within the limits of the towns of Hancock, Sullivan, Sorrento, Gouldsboro and Winter Harbor, and from obtaining any loan or loans of money or in any manner pledging the credit of the County of Hancock to pay said county's proportion of the cost or estimated cost of said bridge.

Upon hearing the bill was dismissed with costs and an appeal taken to the Law Court. The cause was fully heard in Chambers by Mr. Justice DEASY and his carefully drawn opinion, upon the law and the facts involved, so fully covers all the issues raised that we substantially adopt it as the opinion of the court.

With the expediency, wisdom or popularity of the proposed public work the court is not concerned. These are matters solely for the legislative branch of the government. The only questions to be considered are whether the act of Legislature violates the Constitution and whether the proceedings of the Board are, or are not in accordance with the act. If the legislative enactment is unconstitutional or if the Board in any vital matter has failed to follow its requirements an injunction should issue. Otherwise, not.

By Chapter 120 of the Special Laws of 1921 the Legislature incorporated the Hancock-Sullivan Bridge District. By this act it has declared that the District should be entitled to the benefits of the provisions of the General Law relating to bridges. Public Laws of 1915, Chapter 319 and amendments. A Bridge Board was created consisting of ten trustees elected by the towns composing the District, the County Commissioners and the Highway Commissioners, each subordinate board having one vote. The Bridge Board was given the right and charged with the duty of determining whether public convenience and necessity require the bridge, and in the event of an affirmative decision, to approve plans. Thereupon the bridge is to be built and paid for twenty per cent. by the District, thirty per cent. by the County and fifty per cent. by the State. The board has decided the bridge to be necessary.

The petitioners are admittedly taxpayers of the County and District and interested as such.

It is contended that the act of the Bridge Board in determining that public convenience and necessity require the building of the proposed bridge is void for the reason that no public notice was given of the meeting held for the purpose.

It is admitted that notice was given to all members of the Bridge Board. This is the only notice required by the express terms of the act.

The legislative enactment provides that "The State Highway Commission shall appoint times and places for meetings of said Board and give such reasonable notice thereof as they shall see fit." This requires some notice, but it does not contemplate public notice.

If public notice had been intended it would seem that the Board (not the Highway Commissioners) would have been charged with the duty of giving it. If the Legislature had contemplated public notice it could have easily, and would have undoubtedly provided for "such reasonable *public* notice thereof as they shall see fit."

But it is claimed that without apparent legislative intendment the word "public" should be read into the act. This may be true when necessary to save a legislative act from vitiation by reason of unconstitutionalty. In this case it is we think not necessary for reasons hereinafter set forth.

No question is raised that the Legislature could have authorized the building of the bridge wholly at the expense of the State. It must also be agreed that the Legislature may create taxing districts and make the cost of any public work wholly or in part a charge upon the same, provided that the district receive special benefit from such public work.

This doctrine (recognized in all jurisdictions) is established in Maine in the case of the Forestry District (109 Maine, 476). The *Rumford & Mexico Bridge District,* (115 Maine, 157) and the *Portland Pier Site District,* (120 Maine, 15.) Numerous cases might be mentioned upon which the court has not been called upon to pass. Indeed every town is an example. A town is but an administrative and taxing district created by the State. The Legislature has the same right to create districts that it has to organize towns and counties.

But this power of the Legislature is not unlimited. The district must receive some special benefit from the public work to be paid for by it other than the benefits that it enjoys in common with the rest of the State. There must be some sort of proportion between the benefit and the burden.

Different courts agreeing as to the correctness of the above-stated principle have prescribed different tests to determine whether it is violated.

Is the statute "palpably arbitrary and a plain abuse?" (*Houck* v. *Drainage District U. S. Supreme Court,* 60 L. Ed., 273). "Indefensibly unfair?" (*Cleveland* v. *Tripp,* 13 R. I., 62) "a flagrant misuse of legislative power?" (234 Mass., 621). "Unreasonably disproportionate?" (*Hamilton* v. *Portland Pier Site District,* 120 Maine, 15). These differing phrases are identical in meaning.

Although it is well settled that the powers of the Legislature are absolute except as limited by the constitution either expressly or by necessary implication (*Laughlin* v. *Portland,* 111 Maine, 489) it would too greatly prolong this opinion to discuss in detail the article or articles of the constitution that such unreasonable disproportion would violate. It would contravene the spirit of fairness and equality that throughout pervades our fundamental law.

. See Maine Constitution Art. 1, Secs. 6 and 21.    Art. 9, Sec. 8 and the 14th Amendment to the Federal Constitution.

Suffice it to say that a law imposing upon a taxing district a burden of taxation "indefensibly unfair," "a plain abuse," "a flagrant misuse of legislative power" or to use the milder but substantially equivalent language of the Maine Court "unreasonably disproportionate to benefits" would be held unconstitutional and acts under. it enjoined.    Otherwise, not.

The constitution, of course, does not require taxation to be exactly proportionate to benefits.    Such a requirement would paralyze the taxing power.

Turning to the case at bar and applying the above principles, no plain abuse or flagrant misuse of legislative power appears.    No unreasonable disproportion of burden and benefit is shown.    The Legislature determined that the County of Hancock would be benefited by the proposed bridge in a greater degree than the rest of the State, and the district in a greater degree than the rest of the county. Its decision is not so plainly, palpably and flagrantly erroneous as · ·to overcome the presumption of constitutionality and justify the interposition of the court.

The petitioners cite and rely upon *Dyer* v. *Farmington,* 70 Maine, 515.    In that case the Farmington Village Corporation having voted to raise $35,000 to aid a railroad was by the court's injunction restrained from so doing.    We think that the reasoning of the opinion in the Dyer case has not been fully approved by later cases. The decision, however, was undoubtedly· correct.    The tax burden and local benefit were unreasonably disproportionate.    Other distinctions between that case and the present appear in *Mayo* v. *Fire Co.,* 96 Maine, 553.

There is no difference in principle between the present case and that of the Portland Pier Site District which was required by legislative act to pay more than its equal share of the cost of establishing a public pier.    Nor is any difference in principle perceived between this case and the law requiring towns to maintain public roads.    In the absence of proof of unreasonable disproportion an injunction will not on this ground be granted.

It is further said that no public notice was given of the meeting of the Bridge Board whereat the bridge was determined to be required by "public convenience and necessity."    We have already seen that

public notice was not made necessary by the terms of the act. It is contended that if such notice to taxpayers were not expressly or impliedly required, the Legislative Act is unconstitutional because violative of the Fourteenth Amendment to the Federal Constitution which guarantees that no persons shall be deprived of property without "due process of law."

This point cannot be sustained. If the Legislature had itself determined the necessity of the public work as was done in the case of the Portland Pier Site District no notice to taxpayers would have been required. The "due process" clause of the constitution does not apply to an act of the Legislature creating a taxing district. It was not made essential by the conditional requirement that the fact of necessity be determined by a board.

"But the Legislature has the power to determine, by the statute imposing the tax, what lands, which might be benefited by the improvement, are in fact benefited; and if it does so, its determination is conclusive upon the owners and the courts, and the owners have no right to be heard upon the question whether their lands are benefited or not, but only upon the validity of the assessment, and its apportionment among the different parcels of the class which the Legislature has conclusively determined to be benefited." *Spencer* v. *Merchant U. S. Sup. Court*, 31 L. Ed., 768. See also *Branson* v. *Bush*, U. S., 64 L. Ed., 220.

It is true that the United States Supreme Court has held that where the property to be benefited and therefore the territory to be included in a taxing district is left to the determination of a board or commission, "the inquiry becomes in its nature judicial in such a sense that property owners are entitled to a hearing or an opportunity to be heard before their lands are included." *Hancock* v. *Muskogee*, U. S., 63 L. Ed., 1083 and authorities cited.

But there is a clear though perhaps close distinction between that case and the present where the only question left to the board was the determination of "public convenience and necessity."

The petitioners contend and cite many authorities to the effect that they are entitled to notice and an opportunity to appear and contest the "legality, justice and correctness" of the proposed tax assessment against them. But if the benefit is reasonably proportionate to the tax burden the proposed assessment is legal and in theory of law just. This the petitioners have the opportunity of

contesting and in this proceeding are contesting. When any tax is assessed they will have an opportunity to be heard upon its "correctness" i. e., its equality according to the just value of property within the taxing district. R. S., Chap. 10, Secs. 74-79. *Sears* v. *Street Commissioners*, 173 Mass., 356.

By Section 10 of the act the District is charged with seventy per cent. of the cost of maintaining the bridge and the county with thirty per cent. Counsel for the petitioners by their illuminating argument and brief contend that even if the county and district may be required to contribute to the building of the bridge, the provision respecting maintenance is unconstitutional and void. They cite the case of *Hammett* v. *Philadelphia*, 65 Penn., State 146. This case holds that while the abutters upon a public street may be compelled to pay for its original construction, they cannot under the constitution be charged with its maintenance. The ground for the distinction seems to be in effect that it is necessary to "draw a line somewhere." Later Pennsylvania Court decisions have approved the *Hammett Case*, (69 Penn. St., 364, 3 Atlantic 220, 23 Atlantic 1102).

We are not impressed with the soundness of the Pennsylvania Courts' reasoning and it does not seem to have been followed or approved by other courts.

But it is not necessary now to decide whether this distinction is or is not well founded, or whether the charge upon the district for maintenance is reasonably proportionate to benefits. These problems are not now before the court.

The parts of the act relating to construction and maintenance respectively are independent and separable and even if one part is invalid, the other if constitutional must stand. *Hamilton* v. *Portland Pier Site District*, supra.

The final objection is that poll taxpayers are required to pay some part of the expense. This in our opinion does not vitiate the act. A poll tax is not a property tax, and would be assessed upon every male inhabitant of the district whether the bridge were built or not.

> *Appeal dismissed. Decree
> of sitting Justice affirmed
> with additional costs.*